### No. 647
### NICHOLAS v. REEVES MFG. CO.
No. 19175. Supreme Court
On motion to certify. Dock. May 28, 1925; 3 Abs. 359.

631. INDUSTRIAL COMMISSION—Should transcript of record and proceedings be offered to jury in case that has been appealed from finding of Industrial Commission?

This case was originally heard before the Industrial Commission on claim of Minnie Nicholas for an award from the Reeves Manufacturing Co., a self insurer, for the death of her husband as a result of injuries sustained in the coure of his employment by the company.

The Commission made a finding for the Company and the case was appealed to the Tuscarawas Common Pleas Court on a transcript of the proceedings had before the commission, according to 1465-90 GC., and a verdict was rendered for Nicholas. This decision was taken to the Court of Appeals on error where the company claimed that the bill of exceptions did not contain a duly certified transcript of proceedings had before the Industrial Commission. The court after an agreed statement was made by both parties as to the contents of the bill of exceptions, reversed the judgment of the common pleas.

Nicholas in taking the case to the Supreme Court contends that the Court of Appeals reversed the lower court's judgment presumably became no duly certified transcript of the record and proceedings had before the Industrial Commission had been offered in evidence to the jury, as such, in its entirety without passing on any question raised by said company, and without entertaining any argument from either side as to any such question.

It is further contended that part of the charge to the jury in which the court said: "The evidence in this case consists of that which has been read to you and in your hearing from the record before the Industrial Commission," should set at rest all contention as to the nature of the evidence offered to the jury at the trial.

It is claimed that under holding of the Court of Appeals if it is sustained plaintiff in error could do nothing but return to the Common Pleas Court, gather up the entire record from the Industrial Commission, and offer it to the jury in toto, without regard to its competancy, relevancy or other value as "evidence" upon the issues presented.

The question presented is: "Should Nicholas have taken the entire transcript of the proceedings before the Commission on file in the case and after having it marked in its entirety for identification as an exhibit, offered it to the jury in toto?" and not having done so, has error intervened prejudicial to the Company's rights because a theory of procedure was adopted at the trial which was satisfactory to and followed by both sides without objection or exception as shown by the record?

Attorneys—Mitchell & Mitchell for Nicholas; Wilkin, Fernsell & Fisher for company; all of New Philadelphia.